**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**OCT 8 2004**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

DARRIN KEITH ELLIOTT,

      Petitioner-Appellant,

v.

MICHAEL ADDISON,

      Respondent-Appellee.

No. 04-6073
(Western District of Oklahoma)
(D.C. No. 03-CV-1145-L)

**ORDER**

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

      This matter is before the court on Darrin Keith Elliott's request for a

certificate of appealability ("COA"). Elliott seeks a COA so that he can appeal

the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28

U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a "final

order in a habeas corpus proceeding in which the detention complained of arises

out of process issued by a State court," unless the petitioner first obtains a COA).

Because Elliott has not "made a substantial showing of the denial of a

constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and

**dismisses** this appeal.

Elliott was convicted by a jury in Oklahoma state court of one count of first degree murder and one count of unlawful removal of a body. On the jury's recommendation, the trial court sentenced Elliott to a term of life imprisonment on the murder conviction and a term of five-years' imprisonment on unlawful-removal-of-a-body conviction. On direct appeal, Elliott raised the following six claims: (1) the jury instructions failed to require the state to prove beyond a reasonable doubt that he did not kill the victim in the heat of passion; (2) his murder conviction was not supported by sufficient evidence; (3) the state's effort to introduce surprise evidence violated his right to due process; (4) the trial court denied him his Sixth Amendment right to an impartial jury when it excused a member of the jury panel on grounds of hardship; (5) the prosecution vindictively filed a bill of particulars in retaliation for his exercise of right to a preliminary hearing, right to jury trial, and right to remain silent; and (6) his life sentence on the murder conviction was excessive. The Oklahoma Court of Criminal Appeals ("OCCA") considered Elliott's claims on the merits on direct appeal and denied relief in an unpublished opinion.

After exhausting his state court remedies, Elliott filed the instant § 2254 petition raising the same claims he raised on direct appeal. The district court referred the matter to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge began by noting that because the

OCCA had considered and rejected on the merits the very same claims now advanced in the § 2254 petition, Elliott could obtain habeas relief only if the decision of the OCCA was (1) "contrary to" or involved "an unreasonable interpretation of" Supreme Court precedent; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). Then, in an exceedingly thorough fashion, the magistrate judge applied this standard to each of Elliott's six claims and recommended that the district court deny habeas relief. Upon *de novo* review, the district court adopted the magistrate judge's report and recommendation, denied Elliott's habeas petition, and dismissed the action.

To be entitled to a COA, Elliott must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003) (quotations omitted). In evaluating whether Elliott has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 1040. Although Elliott need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove

-3-

something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Elliott's application for a COA and appellate filings, the magistrate judge's well-reasoned report and recommendation, the district court's order, the decision of the OCCA on direct appeal, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Elliott is not entitled to a COA. The district court's resolution of Elliott's § 2254 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. It would constitute a waste of judicial resources to repeat the thorough analysis set out in the magistrate judge's report and recommendation. Accordingly, this court simply notes that we **DENY** Elliott's request for a COA for substantially those reasons set out in the magistrate judge's report and recommendation dated December 23, 2003. This appeal is, therefore, **DISMISSED**.

<div style="margin-left:50%">

Entered for the Court
PATRICK FISHER, Clerk of Court


by:
Deputy Clerk

</div>